**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **VALMONT INDUSTRIES, INC.,** | |
| **Plaintiff,** | |
| **v.** | **C.A. No. _____** |
| **LINDSAY CORPORATION,** | **JURY TRIAL DEMANDED** |
| **Defendant;** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Valmont Industries, Inc. ("Valmont") for its Complaint against Lindsay Corporation ("Lindsay") alleges as follows:

**The Nature of the Action**

1.     This is an action for infringement of United States Patent No. 7,003,357 B1 ("the '357 patent") under 35 U.S.C. § 271.

**The Parties**

2.     Valmont is a Delaware corporation, with a principal place of business at One Valmont Plaza, Omaha, Nebraska 68154.

3.     On information and belief, Lindsay is a Delaware corporation, with a principal place of business at 2222 North 111th Street, Omaha, Nebraska 68164.  Service upon Lindsay may be made by serving its registered agent for service of process, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.  On information and belief, Lindsay is in the wholesale sales and distribution business, and derives revenue from sales and distribution of the products at issue through its dealer, Sussex Irrigation Co., Inc., located at 11323 Trussum Pond Road, Laurel, Delaware  19956.

**Jurisdiction and Venue**

4.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over defendant Lindsay.  On information and belief, Lindsay is incorporated in Delaware, regularly does or solicits business in this jurisdiction, engages in other persistent courses of conduct in this jurisdiction, and/or derives substantial revenue from goods and services provided to persons or entities in Delaware.  In addition, the Court has personal jurisdiction over Lindsay because it has established minimum contacts with the forum and the exercise of jurisdiction over Lindsay would not offend traditional notions of fair play and substantial justice.  In accordance with established distribution channels for the accused products, Lindsay reasonably anticipated that the accused products would end up in this District and be sold herein.

6.      Venue in this jurisdiction is proper under 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I**

**Infringement of U.S. Patent No. 7,003,357 B1 Pursuant to 35 U.S.C. § 271**

7.      Valmont is the owner of the entire right, title, and interest in the'357 Patent, including the right to exclude Lindsay and to enforce, sue and recover damages for past and future infringement against Lindsay.  A true and correct copy of the '357 Patent is attached as Exhibit A.

8.      The '357 Patent is valid, enforceable, and was duly issued on February 21, 2006, in full compliance with Title 35 of the United States Code.

2

}

9.      On information and belief, Lindsay has been, and now is, directly infringing the claims of the '357 patent in this District and elsewhere in the United States, without the consent or authorization of Valmont, by or through its making, having made, sale, offer for sale, and/or use in the United States of the patented systems and methods which comprise a method and means for reading the status of and controlling irrigation components, including at least its FieldNet products, which are covered by one or more claims of the '357 Patent.

10.     On information and belief, Lindsay is jointly infringing the claims of the '357 patent.

11.     Lindsay has actual knowledge of the '357 patent.

12.     On information and belief, Lindsay acted with full knowledge of the '357 patent and without a reasonable basis for believing that it would not be liable for actively inducing or contributing to the infringement of the '357 patent.

13.     The commercial manufacture, use, offer for sale, sale, and/or importation of Lindsay's methods and means for reading the status of and controlling irrigation components, including at least its FieldNet products, will induce the actual infringement of the '357 patent.

14.     On information and belief, Lindsay knows or should know that its commercial manufacture, use, sale, offer for sale and/or importation of its methods and means for reading the status of and controlling irrigation components, including at least its FieldNet products, will constitute an act of induced infringement of the '357 patent.  Lindsay intends for consumers to use those products, including its FieldNet products, in a manner that will directly infringe the '357 patent.

15.     Lindsay's acts of infringement will be done with knowledge of the '357 patent and with the intent to encourage infringement.

}

16.     The foregoing actions by Lindsay will constitute active inducement of infringement of the '357 patent.

17.     On information and belief, Lindsay knows or should know that its products that are a method and means for reading the status of and controlling irrigation components, including at least its FieldNet products, will be especially made or especially adapted for use in an infringement of the '357 patent, and are not staple articles or commodities of commerce suitable for a substantial non-infringing use.

18.     The commercial manufacture, use, sale, offer for sale, and/or importation of Lindsay's products that are a method and means for reading the status of and controlling irrigation components, including at least its FieldNet products, will contribute to the actual infringement of the '890 patent.

19.     On information and belief, Lindsay knows or should know that its offer for sale, sale and/or importation of products that are a method and means for reading the status of and controlling irrigation components, including at least its FieldNet products, will contribute to the actual infringement of the '890 patent.

20.     To the extent that facts learned during the pendency of this case show that Lindsay's infringement is, or has been willful, Valmont reserves the right to amend its complaint to include an allegation of willful infringement and/or request a finding of willful infringement at time of trial.

21.     Valmont has been damaged as a result of Lindsay's infringing conduct.  Lindsay is, thus, liable to Valmont in an amount that adequately compensates it for Lindsay's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

}

22.     Unless a permanent injunction is issued enjoining Lindsay and its agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '357 Patent, Valmont will suffer irreparable harm.

### PRAYER FOR RELIEF

WHEREFORE, Valmont respectfully requests that this Court enter:

A.     A judgment in favor of Valmont that Lindsay has infringed the '357 Patent;

B.     A preliminary and permanent injunction enjoining Lindsay, and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '357 Patent

C.     A judgment and order requiring Lindsay to pay Valmont its damages, costs, expenses, prejudgment and post-judgment interest, and an accounting for Lindsay's infringement of the '357 Patent as provided under 35 U.S.C. § 284;

D.     An award to Valmont for enhanced damages as provided under 35 U.S.C. § 284;

E.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Valmont its reasonable attorneys' fees; and

F.     Any and all other relief, at law or in equity, to which Valmont may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

}

Dated:  January 14, 2015

FISH & RICHARDSON P.C.


By: */s/ Susan M. Coletti*
    Susan M. Coletti (#4690)
    222 Delaware Avenue, 17th Floor
    P.O. Box 1114
    Wilmington, DE  19801
    Telephone:  (302) 652-5070
    Facsimile:  (302) 652-0607
    coletti@fr.com

**ATTORNEYS FOR PLAINTIFF
VALMONT INDUSTRIES, INC.**

Of Counsel:

Neil J. McNabnay
P. Weston Musselman, Jr.
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone:  (214) 747-5070
Facsimile:   (214) 747-2091
mcnabnay@fr.com
musselman@fr.com

}